RECEIVED
IN ALEXANDRIA, LA
AUG 18 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FRANKIE BELL<br>    FED. REG. #00146-099<br>VS.<br><br>WARDEN JOE KEFFER | CIVIL ACTION NO. 09-0093<br><br>SECTION P<br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

On January 15, 2009, *pro se* petitioner Frankie Bell filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock (USPP), Louisiana. Petitioner complains that on December 15, 2006, while he was incarcerated at the Federal Transfer Center, Oklahoma City, Oklahoma, Officer Humphery filed false prison disciplinary charges against him. He complains that he was thereafter denied an impartial decision maker in the subsequent prison disciplinary hearing which resulted in the loss of 13 days of good conduct time, along with other lesser sanctions. Petitioner was subsequently transferred to the Federal Corrections Institute, Beaumont, Texas, and while he was incarcerated at that facility, prison staff refused to provide the address for the United States District Court in Beaumont, Texas and other documents petitioner needed to obtain review of the disciplinary proceeding.

1

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

In December 2006 petitioner was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma. On December 15, 2006 Corrections Officer D. Humphrey charged him with indecent exposure and engaging in a sexual act. According to Humphrey, "... I observed inmate Franklin Bell (00146-099) open his cell door and place his hand into his pants and expose his penis as I approached his cell..." [rec. doc. 6, Exhibit 1, Attachment 1, "Incident Report" p. 14]

Petitioner was placed in administrative segregation. On the following date, December 16, 2006, he was provided a written copy of the incident report charging him with Code 205 – Engaging in Sexual Acts and Code 300 – Indecent Exposure. [rec. doc. 6, Exhibit 1, p. 8, ¶3; see also Attachment 1, "Incident Report" p. 14]

On December 19, 2006 Officer McPherson, the Unit Discipline Committee (UDC) conducted a preliminary hearing and provided petitioner with a copy of the Inmate Rights at Disciplinary Hearing [see rec. doc. 6, Exhibit 1, Attachment 2 at p. 16] and

2

Notice of Discipline Hearing Before the Disciplinary Hearing Officer (DHO). Petitioner indicated that he did not want representation and did not wish to have witnesses. [rec. doc. 6, Exhibit 1 ¶4; see also Attachment 3]

Petitioner protested his innocence at the preliminary hearing before the UDC but the UDC referred the matter to the DHO. [rec. doc. 6, Exhibit 1, ¶6-10]

On January 4, 2007 petitioner was transferred to the Federal Correctional Institute, Beaumont, Texas and on February 15, 2007 he appeared before the Disciplinary Hearing Officer. Petitioner again protested his innocence, however, he was found guilty of Code 300 - Indecent Exposure and he was sanctioned with the loss of 13 days good conduct time and other lesser sanctions. [rec. doc. 6, Exhibit 1, ¶11-20; see also Attachment 4] The DHO made the following findings,

> I find that you committed the prohibited act of Indecent Exposure...
>
> My decision is based on the eyewitness account of officer Humphrey, who provided while she was making rounds ... she observed you open your cell door, place your hand in your pants and exposed your penis to her as she approached your cell door...
>
> I also considered your claim to me that you did not expose your penis to Officer Humphrey. However I find your claim not credible. Officer Humphrey is well-aware of her obligation to report incidents truthfully and there is nothing to suggest she has not done so. [rec. doc. 6, Exhibit 1, Attachment 4]

Petitioner was provided a copy of the DHO Report and he timely

3

appealed his disciplinary conviction and sentence at the local, regional, and national levels, but at each instance, his appeal and protestation of innocence was rejected. [rec. doc. 1, Exhibit 1, ¶21-25; see also Exhibit 1, Attachments 5, 6, 7, and 8]

On July 31, 2007 petitioner was transferred to the United States Penitentiary Beaumont, Texas. On September 5, 2007 he received the Central Office response to his appeal. [rec. doc. 1, Exhibit 1, Attachment 8]

Thereafter, according to petitioner, "From May 15, 2008 until October 1, 2008, Correctional Counselor B. Leon, Unit Manager R. Smith, and Case Manager Coordinator Mr. Sutton of USP Beaumont refused to provide me the address of the United States District Courthouse, in Beaumont, Texas." He also claimed that they refused to supply an application for habeas corpus form. [*Id.*, ¶26-30]

Then, on October 1, 2008 petitioner was transferred to USP Pollock, where he remains incarcerated.

As noted above, [petitioner filed his habeas petition on January 15, 2009.

### Law and Analysis

Petitioner implies that he was deprived of liberty – the loss of 13 days good conduct time – in violation of the Fifth Amendment's due process clause. With regard to his due process claim, federal prisoners do have liberty interests in their

4

accumulated good-time credit. See <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner lost good time credits as a result of the complained of disciplinary proceeding, the due process analysis approved by the Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In <u>Wolff</u>, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555- 556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985);

Wolff, *supra*, at 556.

Petitioner has provided copies of the BOP's Discipline Hearing Officer Report, Incident Report, Inmate Rights at Discipline Hearing, and Notice of Discipline Hearing with respect to the incident he now contests. These exhibits establish that he was afforded all the process he was due. Further, the DHO's findings establish that there was ample evidence of guilt.

In short, petitioner has failed to state a claim for which relief may be given. His claims are without merit and dismissal on that basis is appropriate.[1]

## Conclusion

Considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and

---

[1] Petitioner also complains that corrections officials at the USP Beaumont refused to provide him with a habeas corpus form and with the address of the United States Courthouse in Beaumont, Texas, and, thus, he was prohibited from filing a habeas corpus petition. In order to be entitled to habeas corpus relief, a petitioner must show that he is in custody in violation of the Constitution and laws of the United States. See 28 U.S.C. §2241. Petitioner's allegations, if true, are troubling, however, standing alone, they do not establish a Constitutional violation since petitioner's opportunity to litigate his habeas claims was merely delayed and not denied.

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Alexandria, Louisiana, August 18th, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE